UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.I., a minor, by and through her guardian ad litem, et al.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.<br><br>Defendants. | Case No.: 20cv588-LAB (LL)<br><br>**ORDER APPOINTING GUARDIAN AD LITEM; AND**<br><br>**ORDER REQUIRING AMENDMENT** |

The motion to appoint Joy Singleton as guardian ad litem for Plaintiffs Y.I., A.G., and D.G. (Docket no. 4), is **GRANTED**.

Plaintiffs are children of Mayra Gonzalez who, the complaint alleges, had a history of alcohol abuse and drunk driving. On November 12, 2018, the complaint alleges she drove while heavily intoxicated, and was involved in a serious accident that injured all three children.

The Court *sua sponte* raised the adequacy of the complaint. *See Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 637–38 (9th Cir. 1988). Specifically, Plaintiffs' only federal claims appeared to be foreclosed by the holding of *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189 (1989).

*DeShaney*, in brief, stands for the proposition that government officials' failure to protect a person from private crime or violence does not violate substantive Due Process. Specifically, *DeShaney* held that a county and its employees were not liable under the Constitution for failing to prevent a child's being abused by his father, even if they knew he was at risk. The Court recognized that the Constitution did impose such a duty to protect people whom the government has deprived of their liberty (*e.g.*, prisoners or involuntarily-committed mental patients). 489 U.S. at 200. The Court also recognized that state law might impose on the county and its officials a duty to protect the child, and that state tort law might provide a remedy. *Id.* at 201. But the Constitution imposes no such duty, and failure to carry out a duty created by state law does not violate substantive Due Process. *Id.*

Plaintiffs have filed their response, and argue that the "state created danger" doctrine distinguishes their claims from *DeShaney*. They conclude that Defendants created a danger that Plaintiffs would not otherwise have faced. But to pursue such a claim, they must plead enough factual matter that, if taken as true, would plausibly suggest that their conclusion is correct. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). The only factual basis for Plaintiffs' "state created danger" theory is that Defendants determined Plaintiffs were in danger, documented the danger, and yet left Plaintiffs in their mother's custody without doing anything. The response summarizes their theory this way:

> Unlike in *Deshaney*, Plaintiffs raise the state-created danger exception. Here, the County Defendants – acting in their capacity as government officers – made an official determination that Mayra Gonzalez posed a serious present *and* future danger to the Plaintiffs. And, that services and/or safeguards were necessary to alleviate this known danger. Defendants' determination distinguished Plaintiffs from the general public, and required Defendants to afford Plaintiffs some measure of personal and physical safety.

> As set out in detail in the complaint, the Defendants were deliberately indifferent to the danger they knew Ms. Gonzalez posed to her children, and left the children in a known dangerous circumstance. Defendant's actions were devastating for these children.

(Response at 1:8–17.) Plaintiffs contend that Defendants' knowledge triggered a duty to act. (*Id.* at 2:11–12.)

But even if Defendants had a duty under state law to act, failure to carry out a duty imposed by state law does not amount to a federal substantive Due Process violation. *DeShaney*, 489 U.S. at 201. The complaint does not allege anything they did to create any danger, or make Plaintiffs any more vulnerable to it. *See DeShaney*, 489 U.S. at 201. The response cites several other cases where social workers placed foster children in the custody of people they knew were abusive, and failed to protect them afterwards. But Plaintiffs here are alleged to be Ms. Gonzalez's own children, and the complaint does not allege Defendants entrusted them to her. The response also cites cases where state actors actively exposed plaintiffs to danger or prevented them from escaping.  In situations like those, government actors' failure to rescue a plaintiff from danger the government actors have exposed her to can amount to a Due Process violation.  *See, e.g.*, *Henry A. v. Willden*, 678 F.3d 991, 998, 1002 (9th Cir. 2012). But a necessary element of such a claim is that the government actors have by their affirmative action placed the person in danger she would not otherwise have faced.  *Id.* at 1002. The complaint does not allege facts plausibly showing that Defendants took any affirmative action to do this; it alleges nothing more than a failure to act, which is not enough under *DeShaney* or any cited Ninth Circuit precedent.

If Plaintiffs believe they can successfully allege facts showing that Defendants engaged in one or more affirmative act that put Plaintiffs in danger they would not otherwise have faced, they may file an amended complaint by **May 18, 2020.** Because they can file electronically, they should comply with this

deadline regardless of whether the Clerk's office is physically accessible on that date.

Because this defect has been pointed out to Plaintiffs, they should not assume they will be given another opportunity to remedy it. If Defendants move to dismiss on this same basis, and if the defect has not been corrected, the Due Process claims will likely be dismissed with prejudice.

**IT IS SO ORDERED**.

Dated:  May 5, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge